IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC CABEZUELA,

        Plaintiff,

v.                                                 CV 19-335 MV/GBW

WESTERN REFINING GP, LLC and
AMERICAN MEDICAL GROUP,
CARLSBAD,LLC

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Western Refining GP, LLC's Motion to Compel Arbitration and Stay Proceedings [Doc. 4]. The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that the motion is well-taken and will be granted.

## BACKGROUND

Plaintiff Eric Cabezuela began working for Western Refining GP, LLC ("Western") as a truck driver on November 10, 2016. Doc. 102 ¶ 5. At some point, Western presented Mr. Cabezuela with a "Mutual Agreement to Arbitrate Claims" ("Arbitration Agreement"), notifying him in an undated letter that while he did "not have to sign this document," if he did "not sign it," he would "not work for Western." Doc. 4 Ex. A-2. The letter advised that Mr. Cabezuela would be "asked to sign this agreement on [his] first day of employment." *Id.*

On his first day of employment, November 10, 2016, Mr. Cabezuela signed the Arbitration Agreement. Doc. 4 Ex. A-1. The Arbitration Agreement contains an "Agreement to Arbitrate" provision, which states in relevant part:

1

> [T]he Company and the Employee hereby consent to the resolution by arbitration of any and all claims or controversies for which a court otherwise would be authorized by law to grant relief in any way arising out of, relating to or associated with the Employee's employment with the Company, or its termination ("Claims"), that the Company may have against the Employee or that the Employee may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise. The Claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant, express or implied; tort claims; claims for discrimination, including but not limited to discrimination based on race, sex, religion, national origin, age, marital status, handicap, disability or medical condition; claims for benefits . . .; and claims for violation of any federal, state, or other governmental constitution, statute, ordinance or regulation (as originally enacted or amended) . . .

Doc. 4 Ex. A-2. The Arbitration Agreement also contains a "Construction and Enforceability" provision, which states:

> Any issue or dispute concerning the formation, applicability, interpretation, or enforceability of this Agreement, including any claim or contention that all or any part of this Agreement is void or voidable, shall be subject to arbitration as provided herein. The arbitrator, and not any federal, state or local court or agency, shall have authority to decide any such issue or dispute.

*Id.*

Western terminated Mr. Cabezuela's employment on September 2, 2017. Doc. 1-2 ¶ 25. As a result of his termination, on October 12, 2018, Mr. Cabezuela commenced the instant action in New Mexico state court, alleging a violation of the New Mexico Human Rights Act (Count I), a violation of the Americans with Disabilities Act (Count II), and wrongful discharge (Count III). Doc. 1-2. Thereafter, on April 10, 2019, Western removed the action to this Court. Doc. 1.

On the instant motion, Western asks the Court to compel Mr. Cabezuela to arbitrate his claims against it and to stay this action pending arbitration of Mr. Cabezuela's claims. Plaintiff opposes the motion.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to arbitration provisions in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Under the FAA, such arbitration provisions "are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA creates "a substantive rule applicable in state as well as federal courts." *Southland Corp. v. Keating*, 465 U.S. 1, 16 (1984). To implement this substantive rule, "a party may apply to a federal court for a stay of the trial in an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. Describing the FAA as "a liberal federal policy favoring arbitration," the Supreme Court has emphasized "the fundamental principle that arbitration is a matter of contract," and, accordingly, that "courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms." *AT&T Mobility LLC v. Conception*, 131 S. Ct. 1740, 1745 (2011).

The FAA, however, "was not enacted to force parties to arbitrate in the absence of an agreement." *Avedon Eng'g, Inc. v. Seatex*, 126 F.3d 1279, 1286 (10th Cir. 1997). Rather, Congress' concern "was to enforce private agreements into which parties had entered." *Id.* Accordingly, "[t]he existence of an agreement to arbitrate is a threshold matter which must be established before the FAA can be invoked." *Id.* at 1287.

## DISCUSSION

Western moves to compel Mr. Cabezuela to arbitrate his claims against it. In support of its motion, Western argues that the Arbitration Agreement, signed by Mr. Cabezuela on November 10, 2016, is valid and enforceable, and that Mr. Cabezuela's claims fall squarely

3

within the scope of that Agreement. Western further requests that the Court stay Mr. Cabezuela's claims against it pending resolution of the arbitration.

Mr. Cabezuela does not contest the fact that he signed the Arbitration Agreement, or that his claims, which arise from the termination of his employment, fall within the scope of the Arbitration Agreement. Nonetheless, Mr. Cabezuela argues that, because the Arbitration Agreement is unenforceable, the Court should not compel him to submit his claims to arbitration.

First, citing *Piano v. Premier Distrib. Co.*, 107 P.3d 11 (N.M. Ct. App. 2004), Mr. Cabezuela argues that the Arbitration Agreement is unenforceable because he signed it in exchange for the promise of new, at-will employment – a promise that is insufficient under New Mexico law to constitute consideration for forfeiting the right to a jury trial. Doc. 7 at 3-4. Next, Mr. Cabezuela argues that the Arbitration Agreement is unenforceable because the circumstances under which he signed it were unconscionable, namely, that he was not presented with the Arbitration Agreement until the day of his hire and thus did not have time to review the documents or ask questions before signing it, and that, because he needed a job and knew that without signing the Arbitration Agreement he would not have one, he "was in a situation where Western had all the bargaining chips." Doc. 7 at 5.

The Arbitration Agreement, however, contains a "delegation provision" that specifically states that "any issue or dispute concerning the formation, applicability, interpretation, or *enforceability* of this Agreement, including any claim or contention that all or part of this Agreement is void or voidable, shall be subject to arbitration as provided herein." Doc. 4 Ex. A-2 (emphasis added). The dispute as to whether the Arbitration Agreement is unenforceable for lack of consideration and unconscionability falls squarely within this delegation provision.

The Supreme Court has consistently "held that parties may agree to have an arbitrator

4

decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). An "agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Id.* Accordingly, when the parties' agreement contains a provision that delegates the arbitrability question to an arbitrator "by 'clear and unmistakable evidence,'" the "court may not override the contract," and "possesses no power to decide the arbitrability issue." *Id.* at 529-30. Importantly, unless the party opposing arbitration "challenge[s] the delegation provision specifically," as opposed to "challeng[ing] only the validity of the contract as a whole," this Court "must enforce it under §§ 3 and 4 [of the FAA], leaving any challenge to the validity of the Agreement as a whole for the arbitrator." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010).

Here, the Arbitration Agreement clearly and unmistakably delegates to the arbitrator any dispute as to the enforceability of the Agreement. In his opposition, Mr. Cabezuela does not challenge this delegation provision and, indeed does not "even mention the delegation provision." *Id.* Rather, Mr. Cabezuela challenges "only the validity of the contract as a whole." *Id.* As a result, this Court is constrained to treat the delegation provision as valid and enforce it, leaving any challenge to the enforceability of the Arbitration Agreement – due to lack of consideration, unconscionability, or otherwise – for the arbitrator. *See id.*

"Regarding a suit brought in federal court 'upon any issue referable to arbitration under an agreement in writing for such arbitration,' the [FAA] provides the district court 'shall on application of one of the parties stay the trial of the action until such arbitration has been had in

5

accordance with the terms of the agreement.'" *Adair Bus Sales v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (quoting 9 U.S.C. § 3). In its motion, Western moves the Court for a stay of the action pending arbitration. The Court finds it proper to grant a stay of the action pending arbitration. *See id.*

## CONCLUSION

The undisputed facts demonstrate that the parties entered into an agreement to arbitrate. The undisputed facts further demonstrate that the parties agreed that it is for the arbitrator, not this Court, to determine the enforceability of the Arbitration Agreement. Having found that the issues in this case should be referred to arbitration, the proper course is for this Court to stay the action pending arbitration.

**IT IS THEREFORE ORDERED** that Defendant Western Refining GP, LLC's Motion to Compel Arbitration and Stay Proceedings [Doc. 4] is **GRANTED** as follows: (1) Western's request for an order compelling arbitration of Mr. Cabezuela's claims against it is **GRANTED**; (2) this Court **ORDERS** Mr. Cabezuela to arbitrate the claims asserted in this action against Western in accordance with the terms of the Arbitration Agreement; and (3) Western's request for an order to stay this lawsuit pending the completion of arbitration is **GRANTED.**

DATED this 23rd day of December 2019.

_____
MARTHA VÁZQUEZ
United States District Judge